UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/2025

NANCY VARGAS,

                Plaintiff,

         -v-

CREDIT CONTROL, LLC, *et al.*,

         Defendants.

**ORDER**

24-CV-7885 (LGS) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On May 13, 2025, Defendants filed a Combined Motion to Stay Discovery Pending the Outcome of the Joint Motion to Dismiss, ECF No. 55 (the "Motion to Stay"). In response, Plaintiff filed an Opposition to Defendants' Motion to Stay Discovery, ECF No. 61, on May 30, 2025, as well as an accompanying Memorandum of Law, ECF No. 62. Additionally, on December 6, 2025, Plaintiff filed a Motion to Compel Discovery, ECF No. 69 (the "Motion to Compel"). For the reasons discussed below, the Motion to Stay is **GRANTED** and the Motion to Compel is **DENIED** without prejudice to the possibility of renewal after the Motion to Dismiss is decided.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, district courts have, upon a showing of good cause, "considerable discretion to stay discovery." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 9-CV-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)). In deciding a

motion to stay discovery, a court should consider the "strength of the dispositive motion that is the basis of the application," the "the breadth of discovery sought and the burden of responding to it," and potential prejudice to the opposing party. *Brooks v. Macy's, Inc.*, No. 10-CV-5304 (BSJ) (HBP), 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010) (citations omitted).  A stay may be granted where the underlying motion "is potentially dispositive, and appears to be not unfounded in the law." *Gandler v. Nazarov*, No. 94-CV-2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994).

The basis for Defendants' Motion to Stay is Defendants' May 9, 2025 Motion to Dismiss, ECF No. 53 (the "Motion to Dismiss").  While the undersigned does not express an opinion as to the outcome of the Motion to Dismiss at this time, it raises well-founded issues that may be dispositive of the entire action.  This weighs in favor of granting a stay of discovery.  Moreover, Plaintiff's discovery requests, including twenty-five interrogatories per Defendant, twenty-five requests for production per Defendant, and twenty-five requests for admissions per Defendant, would be burdensome to address, particularly before the Motion to Dismiss—which if not dispositive of all claims, may at least streamline the number of claims—is decided.  *See* Motion to Compel at 2.  Additionally, many of Plaintiff's requests are overbroad.  For example, Plaintiff's requests for "[a]ll records of consumer complaints about savings offers," "[a]ll policies about collecting interest," and "[a]ll audit reports of collection practices" are among some of the discovery requests that are not tailored to the facts of this case and would require extensive efforts by

Defendants to obtain, review, and produce. ECF No. 55-1 at 10–11. This too weighs in favor of granting a stay of discovery. Finally, Plaintiff will not be prejudiced by a stay in discovery, as Plaintiff can still pursue discovery once a decision on the Motion to Dismiss is entered if that decision does not dismiss all claims.

Therefore, good cause exists to stay discovery pending a decision on Defendants' Motion to Dismiss. The Motion to Stay is therefore **GRANTED** and the Motion to Compel is **DENIED** without prejudice to renewal after a decision on the Motion to Dismiss is entered.

The Clerk of Court is respectfully directed to terminate the Motion to Stay at ECF No. 55 as **GRANTED** and the Motion to Compel at ECF No. 69 as **DENIED**. The Clerk of Court is also respectfully directed to mail a copy of this order to Plaintiff.

**SO ORDERED.**

Dated: December 10, 2025
        New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

3