UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                         :
NANCY VARGAS,                                            :
                                    Plaintiff,           :
                                                         :         24 Civ. 7885 (LGS)
                       -against-                          :
                                                         :         **OPINION & ORDER**
CREDIT CONTROL, LLC et al.,                              :
                                    Defendants.          :
                                                         :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

This Opinion & Order addresses the Report and Recommendation, dated December 15, 2025, of Magistrate Judge Henry J. Ricardo (the "Report"). The Report recommends granting the Motion to Dismiss filed by Defendants Credit Control, LLC ("Credit Control"), Portfolio Recovery Associates, LLC ("Portfolio Recovery"), Bank of America, N.A. ("Bank of America") and LVNV Funding LLC ("LVNV"), and granting Plaintiff Nancy Vargas leave to file a Second Amended Complaint. These recommendations are adopted for the reasons explained below.

## I.      BACKGROUND

Plaintiff, proceeding pro se, commenced this action against Defendants on October 1, 2024. The Amended Complaint asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and New York General Business Law § 601.

### A.  Factual Background and Procedural History

The following facts are taken from the Amended Complaint and assumed to be true for purposes of Defendants' Motion to Dismiss. *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 113 (2d Cir. 2023). Plaintiff allegedly incurred debts to Defendant Bank of America, which Plaintiff disputes, but which Bank of America turned over to Defendant Credit Control for collection. On March 28, 2024, Credit Control sent Plaintiff a collection letter suggesting that

she use her tax refund to settle the debt.  Plaintiff sent Credit Control a letter seeking to validate the debt, to which Credit Control never responded.  Bank of America continued to report inaccurate information about Plaintiff's debt to credit bureaus and failed to correct that information after Plaintiff disputed it.

Separately, on May 7, 2024, Defendant Portfolio Recovery sent Plaintiff a collection letter about a different debt.  The letter offered Plaintiff savings on a debt that was possibly time-barred.

Finally, Plaintiff's Equifax credit report presently includes an account reported by LVNV that contains inconsistent information, including that the reported account opening date is after the date of the first reported delinquency.  On July 10, 2024, Plaintiff sent LVNV a written request to validate the debt, to which LVNV has not responded.

The Amended Complaint asserts claims for violations of the FDCPA against Credit Control (Claim I), violations of the FDCPA against Portfolio Recovery (Claim II), violations of the FCRA against Bank of America (Claim III), violations of the FDCPA and FCRA against LVNV (Claims IV and V, respectively) and violations of New York law against all Defendants (Claim VI).

## B.  The Report

On December 15, 2025, Judge Ricardo issued the Report recommending that Defendants' Motion to Dismiss be granted without prejudice to Plaintiff's filing a second amended complaint. The Report considered the allegations in the Complaint as well as allegations that appear in Plaintiff's opposition to the Motion to Dismiss (the "Opposition"), given Plaintiff's pro se status. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).  The Report concludes that the Amended Complaint does not adequately allege that Plaintiff has Article III standing to bring her

2

claims in federal court.  The Report also concludes that Plaintiff does not adequately allege a factual basis to state a claim for relief.  The Report recommends dismissal of Plaintiff's New York law claim as abandoned because the Opposition concedes that General Business Law § 601 does not provide a private right of action.  Plaintiff timely filed objections ("Objections") to the Report, and filed a Second Amended Complaint the same day that she filed the Objections.

## II.    STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1).  De novo review means the district judge makes an independent determination of the portions of the report and recommendation that were properly objected to and does not defer to the magistrate judge's conclusions.  Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety."  *Morris v. Loc. 804, International Brotherhood of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)[1]; *accord Bulgari v. Bulgari*, No. 22 Civ. 5072, 2024 WL 4345580, at *2 (S.D.N.Y. Sep. 30, 2024).

To the extent the parties do not object to portions of a magistrate judge's report and recommendation, the report is reviewed for clear error.  *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).  When reviewing for clear error, the judge asks whether the report contains an obvious mistake.  *See M.L. v. Comm'r of Soc. Sec.*, No. 23 Civ. 5143, 2024 WL 404342, at *1 (S.D.N.Y. Feb. 2, 2024).  Similarly, where no specific written objection is

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted and all alterations are adopted.

3

made, "the district court can adopt the report without making a *de novo* determination." *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); *accord Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 345 (S.D.N.Y. 2019) ("A district court evaluating a magistrate judge's report may adopt those portions of the report to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law.").

"*[P]ro se* submissions are reviewed with special solicitude and must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). But "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22 Civ. 1138, 2023 WL 5211054, at *5 (S.D.N.Y. Aug. 13, 2023). Typically, the claims of pro se litigants are dismissed without prejudice once, giving the pro se litigant an opportunity to amend "if a liberal reading of the complaint gives any indication that a valid claim might be stated." *Montgomery v. Holland*, 408 F. Supp. 3d 353, 379 (S.D.N.Y. 2019), *aff'd sub nom. Montgomery v. NBC Television*, 833 F. App'x 361 (2d Cir. 2020).

## III.    DISCUSSION

The Report correctly concludes that the Amended Complaint and Opposition do not adequately demonstrate that Plaintiff has standing to bring the asserted claims in federal court. Without standing, the Court lacks jurisdiction to adjudicate the claims. *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 540 (2d Cir. 2024), *cert. denied*, 146 S. Ct. 880 (2025). Accordingly, the Report is adopted in full regarding the lack of standing. Without subject matter jurisdiction, the Court is without power to address whether the Amended Complaint otherwise

states a claim for relief. *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022). Because the New York state law claim is abandoned, the Court need not address whether Plaintiff has standing to bring that claim.

### A. Standing Legal Standard

Dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate" a dispute. *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1075 (2d Cir. 2021). "[A] Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial, i.e., based solely on the allegations of the complaint and exhibits attached to it, or fact-based, i.e., based on evidence beyond the pleadings." *Harty*, 28 F.4th at 441. When considering a facial Rule 12(b)(1) motion, "[t]he task of the district court is to determine whether the Pleading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "[T]he district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016).

To satisfy Article III's standing requirement, "a plaintiff must demonstrate: (1) injury-in-fact, which means an actual or imminent and concrete and particularized harm to a legally protected interest; (2) causation of the injury, which means that the injury is fairly traceable to the challenged action of the defendant; and (3) redressability, which means that it is likely, not speculative, that a favorable decision by a court will redress the injury." *Knight v. City of New York*, 164 F.4th 173, 177-78 (2d Cir. 2026). An injury is "concrete" when it "has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021) (quoting

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).  Standing is assessed on a claim by claim basis, and is assessed separately for each form of relief sought.  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).  In the context of FDCPA and FCRA claims, courts routinely hold that "absent specific evidence of reputation or monetary harm, plaintiffs lack standing."  *Tschoe v. Monarch Recovery Mgmt., Inc.*, No. 20 Civ. 7331, 2024 WL 1251278, at *7 (S.D.N.Y. Mar. 22, 2024) (collecting cases under FDCPA); *see Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 392 (E.D.N.Y. 2022) (similar for FCRA).

## B. Discussion

### 1. Documents Considered

The Report correctly concludes that, given Plaintiff's pro se status, statements made in the Opposition may be considered as complaint allegations for purposes of Defendant's Motion to Dismiss.  *Walker*, 717 F.3d at 122 n.1.  Defendants did not object to the Report's crediting of factual assertions in the Opposition for purposes of the Motion to Dismiss.  Because Defendants did not submit evidence to controvert any factual allegations made by Plaintiff in the Amended Complaint or Opposition, Defendants' motion is a facial Rule 12(b)(1) challenge; the Court may accept these allegations as true for the purpose of evaluating subject matter jurisdiction without resorting to extrinsic evidence.  *Harty*, 28 F.4th at 441.  Thus, as in the Report, factual allegations in the Opposition are considered along with those in the Amended Complaint for purposes of Defendants' Motion to Dismiss.

### 2. Standing

The Opposition asserts four injuries caused by Defendant's conduct:

(1) A significant drop in Plaintiff's credit score due to inaccurate reporting;

(2) Denial of credit opportunities;

6

(3) Emotional distress resulting from having to address improper collection efforts and credit reporting and

(4) Time and resources spent disputing inaccurate information.

The Report concludes that each of these injuries is insufficient. As to the drop in Plaintiff's credit score and denial of credit opportunities, the Report concludes that the Amended Complaint and Opposition do not establish concrete harm or causation. As to emotional distress and time and resources, the Report concludes that the Amended Complaint and Opposition do not demonstrate an adequate, non-conclusory factual basis for standing.

The Report correctly concludes that standing has not been established. The first asserted injury -- a drop in Plaintiff's credit score due to inaccurate reporting -- does not, on its own, constitute concrete harm sufficient for standing. *See Rosenberg v. LoanDepot, Inc.*, No. 21 Civ. 8719, 2023 WL 1866871, at *5 (S.D.N.Y. Feb. 9, 2023) ("[A] lowered credit score in and of itself is not a concrete harm."); *Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 273 (E.D.N.Y. 2022) (similar). Although dissemination of inaccurate information in a credit report to third parties may suffice for standing, "dissemination of credit reports to traditional credit reporting agencies . . . on its own cannot establish a concrete injury." *Biener v. Credit Control Servs., Inc.*, No. 21 Civ. 2809, 2023 WL 2504733, at *7 (S.D.N.Y. Mar. 14, 2023). Without additional factual allegations that could support an inference that inaccurate information was disseminated to third parties other than traditional credit reporting agencies, a drop in Plaintiff's credit score does not suffice for standing. The Amended Complaint and Opposition also do not allege facts that would support an inference that any drop in credit score was caused by Defendants' conduct.

The second asserted injury -- denial of credit opportunities -- is inadequately demonstrated because the Amended Complaint and Opposition do not identify specified denied credit opportunities, nor do the Amended Complaint and Opposition allege facts that would

enable an inference that any denial was caused by Defendants' actions. Absent more factual specificity, a conclusory allegation that Plaintiff was denied credit is insufficient to confer standing. *See Ngambo v. Chase*, No. 20 Civ. 2224, 2023 WL 9004789, at *4 (S.D.N.Y. Dec. 28, 2023).

The third asserted injury -- emotional distress -- is insufficient because, without more factual detail, it is a "perfunctory allegation" that "is insufficient to plausibly allege constitutional standing." *Maddox*, 19 F.4th at 66; *see Zlotnick*, 583 F. Supp. 3d at 391 (holding insufficient for standing allegation of "mental and emotional pain" without additional factual basis).

The fourth asserted injury -- time and resources -- is also insufficiently demonstrated. A general allegation that Plaintiff spent time and resources as a result of Defendants' conduct is insufficient to "make it plausible that [Plaintiff] did indeed suffer the sort of injury that would entitle [Plaintiff] to relief." *Maddox*, 19 F.4th at 65-66; *see Mohammadb v. Nat'l Enter. Sys., Inc.*, No. 21 Civ. 5606, 2023 WL 6385765, at *2 (E.D.N.Y. Sep. 29, 2023) (holding insufficient for standing conclusory allegation that the plaintiff "expended time, money, and effort in determining the proper course of action" in response to FDCPA violation).

Finally, the Complaint, liberally construed, also asserts a claim for injunctive relief. To demonstrate standing to receive injunctive relief, a plaintiff "must establish a material risk of future harm that is sufficiently imminent and substantial." *Lugo v. City of Troy*, 114 F.4th 80, 87 (2d Cir. 2024). The Amended Complaint and Opposition do not demonstrate facts sufficient to establish a non-speculative risk of future harm attributable to Defendants' conduct. *See TransUnion*, 594 U.S. at 438.

The Objections are insufficient to overcome dismissal. The first and third Objections argue that the Report failed to apply the liberal pleading standard applicable to pro se Plaintiff's

submissions.  The second and fifth Objections argue that, when the proper pleading standard is applied, Plaintiff has adequately demonstrated standing under the relevant precedents.  These arguments are unavailing because the Report did liberally construe Plaintiff's submissions -- including, for example, by considering allegations raised in the Opposition but not the Amended Complaint.  Despite that liberal reading -- applied in the Report and here -- Plaintiff has not substantiated harm that as a legal matter would support this Court's subject matter jurisdiction, as explained above.  "*[P]ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law," including the requirement to demonstrate standing.  *Triestman*, 470 F.3d at 477.

The fourth Objection argues that the Report improperly requires Plaintiff to establish standing through information that would be obtained through discovery.  This argument is insufficient to overcome dismissal.  The information that the Report concludes may cure the pleading -- for instance, information about credit opportunities that Plaintiff was denied, and greater factual detail regarding Plaintiff's emotional distress or the time and resources Plaintiff spent disputing inaccurate information -- is information that is in Plaintiff's possession, not information that would be produced by Defendants in discovery.

The sixth Objection argues that Plaintiff can plead additional factual allegations that may cure the standing issues identified by the Report.  This argument is misplaced because the Report provides Plaintiff the opportunity to amend the Complaint, which Plaintiff has done.  The appropriate next step is for Defendants to respond to the newly filed Second Amended Complaint, either by filing an answer or a new motion to dismiss.

Plaintiff's remaining objections pertain to the portions of the Report addressing the merits of Plaintiff's claims.  Because the Report's conclusion that Plaintiff has not demonstrated

standing is adopted, this Court is not empowered to reach these objections. *See Harty*, 28 F.4th at 445.

### 3. Leave to Amend

In responding to the Objections, Credit Control and Bank of America seek modification of the Report's recommended relief to dismiss the claims against those Defendants without leave to amend. These Defendants did not timely object to the Report. These belated requests to modify the Report are waived, and this portion of the Report is thus reviewed for clear error. *See Nambiar*, 158 F.4th at 359. Defendants' argument also fails on the merits. Typically, the claims of pro se litigants are dismissed without prejudice to amendment once, giving the pro se litigant an opportunity to amend "if a liberal reading of the complaint gives any indication that a valid claim might be stated." *Montgomery*, 408 F. Supp. 3d at 379. The Report correctly concludes that such treatment is appropriate here and grants Plaintiff leave to amend, which Plaintiff has done.

## IV. CONCLUSION

For the reasons stated above, the Report's recommendations to grant the Motion to Dismiss for lack of standing and to grant Plaintiff leave to amend the Complaint are **ADOPTED**, and the Objections are **OVERRULED**. Defendants' Motion to Dismiss is **GRANTED** without prejudice to Plaintiff's filing a Second Amended Complaint. The Second Amended Complaint is deemed filed (i.e., Plaintiff does not need to take any additional action until instructed to do so by further Order of the undersigned or Judge Ricardo). By **April 13, 2026**, Defendants shall answer or otherwise respond to the Second Amended Complaint.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 53.  The Clerk

of Court is respectfully directed to mail a copy of this Order to pro se Plaintiff.

Dated: March 30, 2026
    New York, New York

                                     LORNA G. SCHOFIELD
                                UNITED STATES DISTRICT JUDGE